87 F.3d 1321
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PHOENIX FUNDING GROUP; Evan R. Daniels; John E. Brittain,
III; Harry A. Louie; Eugene W. Camara,
Plaintiffs-Appellants,
v.
GENERAL ELECTRIC MORTGAGE INSURANCE COMPANY; General
Electric Capital Corp.; General Electric Contract
Services Corporation, Defendants-Appellees.
 No. 95-55311.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 6, 1996.
Decided June 19, 1996.
 
 Before: FARRIS, FERNANDEZ, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Phoenix Funding Group, Inc. appeals the district court's grant of summary judgment in favor of General Electric Mortgage Insurance Company ("GEMICO") and General Electric Contract Services Corporation ("GECSC").[1]
 
 
 3
 We AFFIRM.
 
 
 4
 A grant of summary judgment is reviewed de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995). We must determine, viewing the evidence in the light most favorable to Phoenix, whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 5
 Phoenix contends that GE agreed to underwrite loans submitted under the program using Phoenix's underwriting guidelines rather than the more stringent GE guidelines. In the context of these agreements, "underwriting" refers to the review and approval process of the loan and its accompanying documentation. It involves an evaluation of the borrower's credit history and equity in the subject property. It also includes a subjective assessment of the risk of default.
 
 
 6
 Phoenix argues that parole evidence shows that the term "GE guidelines" as used in the bid letter and dual underwriting agreement actually means "PFG guidelines adopted by GEMICO for the purposes of the PFG program."
 
 
 7
 The district court properly held that the agreement between Phoenix and GECSC was fully integrated and constitutes the final expression of the parties' intent. The parol evidence rule then bars the use of extrinsic evidence to contradict the terms of the written contract. Riley v. Bear Creek Planning Comm., 17 Cal.3d 500, 508-09 (1976). The written contract expressly provides that GE would use "GE guidelines" to underwrite the loan applications. Phoenix has failed to raise a genuine issue of material fact in its claims against GECSC.
 
 
 8
 The district court held that the parol evidence rule did not preclude the admission of extrinsic evidence to explain what the term "GE guidelines" meant in the agreement between Phoenix and GEMICO. Phoenix has misinterpreted this holding. In its brief, Phoenix contends that it "successfully argued [to the district court] that the term 'GE guidelines' as used in the May 13, 1991, Bid Letter should be read to state 'PFG guidelines'[.]" The district court actually held that Phoenix's parol evidence "fail[s] to show that GEMICO ever agreed to the PFG guidelines rather than its customary underwriting standards."
 
 
 9
 Phoenix relies primarily on the language in earlier bid letters that provides:
 
 
 10
 GE Mortgage Insurance Companies ("GE") has reviewed the proposed guidelines for the Phoenix Funding Group. The guidelines appear to conform to the standards of GE and the program has been approved for eligibility for pool and primary insurance. GE will underwrite each loan individually on a case-by-case basis and make a determination on its acceptability. Individual underwriting decisions will be the sole responsibility of GE.
 
 
 11
 This language indicates that GE approved the Phoenix guidelines for use by Phoenix to screen loans for submission to GE for underwriting. There is no evidence that GE approved Phoenix's guidelines for use in its own underwriting process. Both the final bid letter and the dual underwriting agreement (signed by Phoenix) state that "[a]ll loans will be underwritten using GE underwriting guidelines." No genuine issue of material fact remains as to the meaning of the term "GE guidelines".
 
 
 12
 GE agreed to accept for underwriting loans submitted according to Phoenix's guidelines; GE then agreed to underwrite these loans, on a case-by-case basis, according to GE guidelines. Phoenix has not demonstrated that any of the four loans submitted for underwriting should have been accepted for mortgage insurance or that GE applied its underwriting guidelines in bad faith.
 
 
 13
 Phoenix has failed to show any genuine issue of material fact as to the misrepresentation claim. Negligent misrepresentation consists of false statements that were justifiably relied upon. Continental Airlines v. McDonnell Douglas, 216 Cal.App.3d 388, 398, 264 Cal.Rptr. 779, 784 (1989). Phoenix has not shown that GE made any false statements. GE agreed to accept loans for underwriting from Phoenix and to underwrite these loans using GE guidelines. This is exactly what they did.
 
 
 14
 AFFIRMED. Phoenix's request for the costs of appeal is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 General Electric Capital Corporation ("GECC") filed a separate motion for summary judgment in the district court. Phoenix filed no opposition to that motion and the motion was granted. That separate judgment was not appealed but Phoenix has erroneously identified GECC as an appellee in this case